Dennis **BREVIK**, et al., Appellants,

**State of Minnesota,**
**Plaintiff's-Intervenor,**

v.

**KITE PAINTING, INC., Respondent.**

No. CX–86–1878.

Court of Appeals of Minnesota.

April 28, 1987.

Review Granted June 26, 1987.

David A. Singer, Singer & Singer, Minneapolis, for appellants.

Hubert H. Humphrey, III, Atty. Gen., Alan Page, Kathleen L. Winters, Spec. Asst. Attys. Gen., St. Paul, for plaintiff's-intervenor.

Mark B. Rotenberg, Barbara J. Nielsen, Dorsey & Whitney, Minneapolis, for respondent.

Karla R. Wahl, Minneapolis, (Amicus Curiae, Minnesota Trial Lawyers Assn.)

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

PARKER, Judge.

Dennis Brevik and James Schillinger were fired from their employment with Kite Painting, Inc., because they filed a complaint with the Minnesota Occupational Safety and Health Administration (MOSHA) about working conditions. After learning that their union could not be of assistance, and after filing a complaint with MOSHA, they sought to bring a private action in Ramsey County District Court. The State of Minnesota intervened on their behalf in the district court action. The trial court granted summary judgment for respondent on the ground that Minnesota's OSHA statute does not provide a private cause of action. We reverse and remand.

## FACTS

Respondent Kite Painting, Inc., is a commercial painting contractor based in Plymouth, Michigan. During part of 1984, respondent performed painting services for the Ford Motor Company at its assembly plant in St. Paul. Appellants Dennis Brevik and James Schillinger were employed there as commercial painters.

Appellants were represented by the Painters and Allied Trades Union, Local 61, which had negotiated a collective bargaining agreement containing a grievance and arbitration procedure to resolve "all disputes and matters of controversy arising under the provisions of this Agreement." This agreement contained no provision requiring "just cause" for termination. The termination restriction was that the employer could not dismiss an employee for certain refusals to work.

On several occasions appellants experienced health problems thought to have been caused by the poor ventilation of various equipment on the job site, and they complained to their supervisor. Several times all of the painters employed by re-

spondent engaged in work stoppages because of health problems.

On October 18, 1984, appellants spoke to their supervisor about making a MOSHA complaint about the ventilation problems. The same day, appellant Brevik called MOSHA. On October 19, MOSHA agents inspected the site and found no violation of any MOSHA rule, regulation or standard. On that same day, both appellants were fired. For purposes of this proceeding, the parties stipulated that appellants "were terminated because of their exercise of rights under the Minnesota Occupational Safety & Health Act."

After their discharge, appellants filed no written grievance; however, it is stipulated that they contacted a Local 61 official and were told that the union could be of no assistance. On October 22 appellants complained to MOSHA about their termination. Their file, although still open, has not been actively pursued, at their request. Appellants then filed suit in Ramsey County District Court, claiming a private cause of action under Minn.Stat. § 182.669 (1984).

The trial court ordered summary judgment for respondent. In its memorandum the trial court noted, "It is unjust that employees who seek legal protection on the job site can be fired in retaliation and have no right to seek judicial relief." However, the trial court interpreted *Davis v. Boise Cascade Corp.*, 288 N.W.2d 680 (Minn. 1979), as precluding a private cause of action under section 182.669.

## ISSUE

Does Minn.Stat. § 182.669 (1984) allow a private cause of action for retaliatory termination for exercise of MOSHA rights?

## DISCUSSION

In reviewing a summary judgment an appellate court must determine whether there are genuine issues of material fact to be litigated and whether the trial court erred in applying the law. Minn.R.Civ.P. 56.03; *Carney v. Central Life Assurance Co.*, 366 N.W.2d 351, 353 (Minn.Ct.App. 1985). Because the facts of this case have been stipulated, this court need only focus

on whether the trial court properly applied the law.

■ Appellants claim the Occupational Safety and Health Act of 1973, Minn.Stat. §§ 182.65–.675, affords them a private cause of action for retaliatory termination for exercise of MOSHA rights. We agree.

Minn.Stat. § 182.654, subd. 9 (1984), provides:

No employee shall be discharged * * * because such employee has filed any complaint * * * under or related to this chapter * * *. Discriminatory acts are subject to the sanctions contained in section 182.669.

Minn.Stat. § 182.669 provides:

*Any employee who believes that he has been discharged or otherwise discriminated against by any person because such employee has exercised any right authorized under [MOSHA] may, within 30 days after such alleged discrimination occurs, file a complaint with the commissioner alleging the discriminatory act.* Upon receipt of such complaint, the commissioner shall cause such investigation to be made as he deems appropriate. If upon such investigation the commissioner determines that a discriminatory act was committed against an employee he shall bring an action against the employer in the district court in the county where the alleged discrimination occurred or in a county where the employer transacts business. The district court may order rehiring of the employee, reinstatement of the former position, fringe benefits, seniority rights, back pay, recovery of compensatory damages, and reasonable attorney fees, or other appropriate relief. *Nothing in this section precludes an employee from bringing an action for relief under this section or any other provision of law.*

*Id.* (emphasis added).

The first sentence of this section plainly states that employees who are discharged for exercising a MOSHA right may pursue their administrative remedies by filing a complaint with the commissioner. The last

sentence plainly states that the employees themselves have a cause of action.

Respondent erroneously relies on *Davis v. Boise Cascade Corp.*, 288 N.W.2d 680 (Minn.1979), as precedent for its assertion that a private cause of action is not available to appellants. *Davis* is distinguishable on its facts. Here, appellants were fired for exercising their section 182.669 right to file a MOSHA complaint about working conditions. In *Davis* the plaintiff did not file such a complaint; he merely walked off the job and was permissibly fired for so doing. As the court stated, "nothing in [the MOSHA] statute authorized plaintiff to leave his job to require compliance with the regulations. *By his own admission he never discussed nor filed charges with the Department of Labor and Industry; thus he was not discharged because he had 'exercised any right authorized under the provisions of sections 182.65 to 182.674.'*" *Id.* at 684 (emphasis added).

The *Davis* court went on to state that section 182.669 does not allow a private right of action to achieve *enforcement* of the statute. *Id.* Davis, by simply walking off the job and filing suit without filing charges with the commissioner, was attempting to usurp the enforcement role of the Department of Labor. In marked contrast, appellants here recognized the department's enforcement power by filing a MOSHA complaint and were fired in retaliation. *Davis* does not reach this situation involving retaliation for exercise of valid employee rights under MOSHA.

In adding the last sentence of section 182.669, the legislature has plainly given employees a private cause of action for violation of their MOSHA rights. The underlying policy consideration is to encourage employees to report bad working conditions, because such reporting is essential to MOSHA's goal of a safe and clean work environment. At oral argument the State of Minnesota, as plaintiff's intervenor, agreed that a private cause of action, following a filing with an administrative agency and a deferral by the State, would actually help the State to conserve its resources

and alleviate a backlog of administrative cases.

Based on the plain language of section 182.669 and the underlying public policy considerations, we hold that appellants have a private cause of action for retaliatory termination for complaining to MOSHA about working conditions.

■ Respondent next contends that appellants' state law claims are preempted by federal labor law. As basis for this contention, respondent cites the Labor Management Relations Act, 29 U.S.C. §§ 141–187, which confers original jurisdiction on the United States district courts over suits involving violations of the terms of collective bargaining agreements negotiated by labor organizations. 29 U.S.C. § 185(a).

Respondent claims that this dispute involves a question of violation of Article XV of the collective bargaining agreement, which provides in pertinent part:

No employee shall be dismissed or otherwise disciplined *for refusal to work* with such unsafe tools, materials or equipment under such unsafe working conditions.

(Emphasis added).

It must be recalled that appellants were not terminated for refusal to work. According to the stipulated facts, appellants were terminated "because of their exercise of rights under the Minnesota Occupational Safety & Health Act." The collective bargaining agreement does not address such terminations.

At oral argument respondent urged this court to imply in this labor contract a "just cause" restriction on the employer's right to discharge employees, citing numerous arbitration cases as authority. We recognize that arbitrators frequently do imply such "just cause" restrictions in collective bargaining agreements. However, a court of law does not have the same latitude, and the collective bargaining agreement negotiated by the parties contains no such clause.

■ Finally, respondent contends this suit must be dismissed because appellants have not exhausted their contractual and administrative remedies. We disagree.

When resort to contractual remedies would be wholly fruitless, employees' failure to resort to such remedy will not bar judicial review of their claims. According to the stipulated facts, shortly after their discharge appellants contacted a union official and were told that the union could provide no assistance. *Cf. Davis*, 288 N.W.2d at 683 (futility not demonstrated where employee himself decides not to pursue grievance procedures).

Because the collective bargaining agreement does not address termination for exercise of MOSHA rights and contains no "just cause" provision, this ground for termination is not grievable under the contract. Therefore, resort to contractual remedies would indeed be futile. *Cf. Schuyler v. Metropolitan Transit Commission*, 374 N.W.2d 453 (Minn.Ct.App. 1985) (bus driver who was terminated for staying home under his physician's advice failed to exhaust contractual remedies under collective bargaining agreement containing a "just cause" provision).

■ Appellants' administrative remedies need not be exhausted before pursuing a private cause of action. *See* Minn.Stat. § 182.669. Appellants did file a complaint with the commissioner, and the State has agreed to stay the proceedings to allow them to pursue private remedies first. By such procedure the State will conserve resources; appellants will gain the additional remedy of punitive damages, otherwise unavailable, and problems of claim preclusion will be avoided.

### DECISION

The summary judgment was improperly granted. Minn.Stat. § 182.669 (1984) allows a private cause of action for retaliatory termination for filing a MOSHA complaint. Because the collective bargaining agreement does not address this ground for termination and contains no "just cause" provision, federal law does not preempt appellants' state law claim. Appellants have exhausted their contractual remedies by contacting a union official and learning that the union cannot be of assistance. Appellants need not exhaust their administrative remedies before proceeding with their private cause of action.

Reversed and remanded.